IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Cushaw Barnett a/k/a Cushaw Banacek Barnett, | ) ) ) ) ) ) ) ) ) ) ) ) | No. 4:13-cv-2674-RMG |
| Petitioner, | | |
| v. | | **ORDER** |
| Warden FCI Williamsburg, | | |
| Respondent. | | |

      The pro se petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was automatically assigned to a Magistrate Judge for pretrial proceedings. Respondent filed a Motion for Summary Judgment on January 7, 2014. (Dkt. No. 19). The Magistrate Judge then issued an order filed January 7, 2014, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the Motion for Summary Judgment procedure and the possible consequences if he failed to respond adequately. (Dkt. No. 20). Petitioner failed to file a response to the Motion for Summary Judgment. The *Roseboro* Order was returned to the Clerk of Court's office via United States Postal Service on January 16, 2014, marked "Return to Sender" and "Inmate no longer at this facility(Released)." (Dkt. No. 23). On March 10, 2014, the Court then issued another *Roseboro* Order to the MDC Brooklyn facility, Petitioner's then-current location according to the Federal Bureau of Prisons website. *See* http://www.bop.gov/inmateloc/; (Dkt. No. 36). However, the Court again received no timely response from Petitioner.

      A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. *Ballard v.*

1

*Carlson*, 882 F.2d 93 (4th Cir. 1989); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors: (1) the degree of Plaintiff's responsibility in failing to respond; (2) the amount of prejudice to the Defendant; (3) the history of the Plaintiff in proceeding in a dilatory manner; and, (4) the existence of less drastic sanctions other than dismissal. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978).

In the present case, Petitioner is proceeding pro se so he is entirely responsible for his actions. It is solely through Petitioner's neglect, and not that of an attorney, that no responses have been filed. Petitioner has not responded to Respondent's motion for summary judgment or the Court's order requiring him to respond. The undersigned concludes Petitioner has abandoned this lawsuit. Nevertheless, the Court finds that dismissal with prejudice is too drastic a sanction here. Accordingly, this action is dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). Respondent's motion for summary judgment is denied as moot. (Dkt. No. 19).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

April 2*1*, 2014
Charleston, South Carolina

2